**Brace v Shears**

*Terry J. Williams,* for plaintiff.
*J. Michael Dorezas,* for defendants.

LUNSFORD, *J.,* April 1, 2010—

## BACKGROUND

Plaintiff, Beatrice D. Brace, filed a complaint against defendants, Mark C. Shears and Suzette M. Shears, on January 18, 2010, seeking redress for damage done to plaintiff's property under theories of trespass and negligence. Defendants filed preliminary objections to plaintiff's complaint on February 4, 2010, and filed their brief in support of preliminary objections to plaintiff's complaint on February 19, 2010. Defendants take issue with plaintiff's requests for punitive damages and "further relief as the court deems just and proper." Defendants request that plaintiff's punitive damages claim in Count I B. be stricken arguing the pleadings are insufficient to support the claim and that plaintiff's request for further relief in Counts I C. and II B. be stricken for failure to plead facts justifying such

relief. On March 2, 2010, plaintiff filed a complaint joining additional defendant Gary Cobb to this matter. Plaintiff filed a brief in opposition to defendants' preliminary objections on March 16, 2010.

Specifically, plaintiff seeks compensatory damages of $4,832.63, punitive damages, and further relief from this court for damages that occurred to plaintiff's property during installation of defendants' fence. The fence was installed by additional defendant. During the fence installation, several of plaintiff's old growth trees were killed, several young sapling trees were killed, blackberry bushes were destroyed, and the contour of plaintiff's property was altered. Plaintiff did not give additional defendant consent to enter onto her property. Additionally, plaintiff claims to have notified additional defendant of the wrongful entry and according to plaintiff, after this notification, additional defendant remained on the property for two additional days.

## DISCUSSION

### (A) *Punitive Damages*

Plaintiff failed to aver any facts concerning willful, wanton, or malicious conduct necessary for a successful claim for punitive damages. In *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984), the Pennsylvania Supreme Court adopted section 908(2) of the Restatement (Second) of Torts with regard to the reckless conduct required to support an award of punitive damages. *SHV Coal Inc. v. Continental Grain Co.,* 526 Pa. 489, 493, 587 A.2d 702, 704 (1991). Punitive damages are not recoverable

for mere negligence or even gross negligence; they are reserved for conduct that is outrageous due to evil motive or reckless indifference for the rights of others. *Id.* Punitive damages are reserved for cases where defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. *Id.* An allegation of evil motive or reckless indifference must be supported by specific fact averments. See Pa.R.C.P. 1019; *McDaniel v. Merck, Sharp & Dohme,* 367 Pa. Super. 600, 533 A.2d 436 (1987).

It is insufficient for plaintiff to merely state a legal conclusion averring that defendants' conduct was malicious, wanton, willful, reckless, oppressive, or outrageous; instead, what must be pled are the facts supporting such legal conclusions. *Schock v. T.J. Care Inc.,* 2004 WL 1570109 *2 (Pa.Com.Pl. 2004). Plaintiff has failed to plead any evil motive or reckless indifference on behalf of defendants. Therefore, plaintiff has not sufficiently pled facts supporting the request for punitive damages.

Plaintiff also seems to make an argument that additional defendant's actions rose to the level of conduct required to allow a recovery for punitive damages, therefore, defendants are liable under an agency theory. Assuming arguendo additional defendant was indeed an agent of the defendants, the Restatement (Second) of Torts limits the circumstances under which punitive damages can be awarded against a principal for the act of his or her agent.

"Punitive damages can properly be awarded against a master or other principal because of an act by an agent

if, (a) the principal or managerial agent authorized the doing and the manner of the act; (b) the agent was unfit and the principal or managerial agent was reckless in employing or retaining him; (c) the agent was employed in a managerial capacity and was acting in the scope of his employment; or (d) the principal or managerial agent of the principal ratified or approved the act." Restatement (Second) of Torts, §909.

Plaintiff's complaint does not contain any allegations that defendants authorized the specific acts of additional defendant, that defendants were reckless in employing additional defendant, that additional defendant was acting in a managerial capacity, or that defendants ratified or approved additional defendant's acts. Therefore, plaintiff has no grounds to make a claim of punitive damages against defendants under an agency law theory.

## (B) *Special Damages*

Plaintiff's requests for "such other and further relief as the court deems just and proper" amount to a claim for special damages. *Hooker v. State Farm Fire and Casualty Co.* 880 A.2d 70, 77 (Pa. Commw. 2005). According to the court in *Hooker,* "[s]pecial damages are those that are not the usual and ordinary consequences of the wrong done but which depend on special circumstances." *Id.* The Pennsylvania Rules of Civil Procedure require that items of special damages be specifically pled. Pa.R.C.P. 1019(f). The court in *Hooker* provided, "[s]pecial damages may not be proved unless special facts giving rise to them are averred." *Id.* at 77, citing *Laing*

*v. Colder,* 8 Pa. 479 (1848). Plaintiff failed to aver any facts supporting a finding of special damages in Count I and Count II of the complaint. Because of plaintiff's failure to provide defendants with specific facts upon which special damages should be granted, the defendants are unable to ascertain why the plaintiff is seeking special damages. Therefore the request for special damages is inadequately pled.

Accordingly, the following order is entered.

### ORDER

And now, April 1, 2010, defendants' preliminary objections to plaintiff's complaint are hereby sustained. Plaintiff's request for punitive damages in Count I B. is stricken from the complaint. Plaintiff's request for "such other and further relief as the court deems just and proper" in Counts I C. and II B. is stricken from the complaint.